IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES MILLER,                          :

    Plaintiff,                     :

vs.                                    :       CIVIL ACTION 12-0474-WS-C

BALDWIN COUNTY, et al.,                :

    Defendants(s).                 :

REPORT AND RECOMMENDATION

Defendants Mail Clerk Gaines, Sheriff Mack, and Sgt. Klos's filed their Answer (Doc. 35) and Special Report (Doc. 34) on August 2, 2013, and on August 9, 2013, the Court determined that these pleadings should be treated as a motion for summary judgment (Doc. 36). Further, the Court ordered Plaintiff by September 9, 2013, to inform the Court if he desired to continue with the litigation of this action and if there were any pending requests or motions previously filed with the Court (Doc. 36). On September 10, 2013, Plaintiff filed his response (Doc. 38) to the motion for summary judgment, along with a Notice of Change of Address (Doc. 37), which appeared to be a free-world address.[1]

On September 12, 2013, the Court ordered that the Motion for Summary Judgment be scheduled for oral argument before the undersigned on October 10, 2013 (Doc. 39). The Clerk was directed to send a copy of the Order (Doc. 39) by certified mail to Plaintiff at his new

---

[1] At the time of the filing of the complaint on July 24, 2012, Plaintiff was an Alabama inmate at Fountain Correctional Facility in Atmore, Alabama.

address, 15885 Hwy 59 North, Lot #1, Foley, Alabama 36535. The envelope containing the September 12, 2013 Order, nor the Domestic Return Receipt, has been returned to the Court. Plaintiff was warned that his failure to appear for the oral argument may result in a recommendation that Plaintiff's action be dismissed due to failure to prosecute.

On October 3, 2013, the Court found it necessary to continue the oral argument from October 10, 2013, to October 24, 2013 (Doc. 40). The Clerk was again directed to send the Court's Order by certified mail to Plaintiff at the Foley, Alabama address. Plaintiff was warned again that his failure to appear for the oral argument may result in a recommendation that Plaintiff's action be dismissed due to failure to prosecute.

On October 10, 2013,[2] the envelope (with the Domestic Return Receipt still attached) containing the October 3, 2013 Order (Doc. 40) was returned to the Court with the notation "Return to Sender – Not Deliverable as Addressed – Unable to Forward." (Doc. 41) Coincidentally, Plaintiff telephoned the Clerk's Office on the same day to inform the Court that he was having problems with his car and might not be able to make it to the hearing on time. Plaintiff was informed by the Clerk that the hearing had been rescheduled for October 24, 2013, at 10:00 a.m., and that another copy of the October 3, 2013 Order would be mailed to him at the Foley, Alabama address. As of this date, the envelope containing that Order has not been returned to the Court nor has there been any further contact with the Plaintiff.

The Court convened on October 24, 2013, at 10:00 a.m., for the hearing on the Motion for Summary Judgment. Present was counsel for Defendants, Jamie Helen Kidd. However, Plaintiff failed to appear and nor did Plaintiff contact the Court to advise as to the reason he

failed to appear. The Court recessed for 30 minutes before reconvening in an attempt to give Plaintiff more time to appear but the effort was no successful.

Due to Plaintiff's failure to prosecute and to comply with the Court's Order, the Court concludes that Plaintiff has abandoned the prosecution of this action. Upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U. S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with

---

[2] October 10, 2013, is the day the oral argument was originally scheduled.

the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 29th day of October, 2013.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**